Jose Z. Marin, Esq. [SBN 291457]
Jose Marin Law, Inc.
44 Page Street, Ste. 600
San Francisco, CA 94102
Telephone: (415) 753-3538
jose@josemarinlaw.com
Attorney for all Defendants

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ALLEN MOYER, an individual, and ADMI INCORPORATED,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>JOSEPH CELLURA, an individual, ADMI INC., TARSIN MOBILE INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 23-cv-03004-SVK<br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS UNDER THE FIRST-TO-FILE RULE**<br><br>DATE: OCTOBER 10, 2023<br>TIME: 10 A.M. |

**NOTICE** is hereby given to ALLEN MOYER, and individual, and ADMI INCORPORATED, an alleged corporation, (hereinafter and collectively "PLAINTIFFS") that JOSEPH CELLURA, an individual, ADMI INC., and TARSIN MOBILE INC., (hereinafter and collectively "Defendants") will make a motion before the Court on October 10, 2023, at 10 a.m. The Defendants will be seeking an order staying the proceedings pursuant to the "first-to-file rule."

Dated: September 15, 2023

　　　　　　　　　　　　　　　　　　　　　　/s/ Jose Z. Marin
　　　　　　　　　　　　　　　　　　　　　　Jose Z. Marin, Esq. [SBN 291457]
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　　　　Jose Marin Law, Inc.
　　　　　　　　　　　　　　　　　　　　　　44 Page Street, Suite 600
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94102
　　　　　　　　　　　　　　　　　　　　　　Telephone: (415) 753-3538
　　　　　　　　　　　　　　　　　　　　　　E-Mail: jose@josemarinlaw.com
　　　　　　　　　　　　　　　　　　　　　　Attorney for all Defendants

Jose Z. Marin, Esq. [SBN 291457]
Jose Marin Law, Inc.
44 Page Street, Ste. 600
San Francisco, CA 94102
Telephone: (415) 753-3538
jose@josemarinlaw.com
Attorney for all Defendants

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ALLEN MOYER, an individual, and ADMI INCORPORATED,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>JOSEPH CELLURA, an individual, ADMI INC., TARSIN MOBILE INC.,<br>　　　　　　　　　Defendants. | Case No. 23-cv-03004-SVK<br>**MEMORANDUM OF POINTS AND AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS PURSUANT TO FIRST-TO-FILE RULE**<br><br>DATE: OCTOBER 10, 2023<br>TIME: 10 A.M. |

# STATEMENT OF THE ISSUE TO BE DECIDED AND RELEVANT FACTS

The issue to be resolved before this Court is whether this Court must stay proceedings under the first-to-file rule based on the following facts and applicable law. This Court should find that it must.

### A. THE NEW YORK LAWSUIT

On November 1, 2022, ADMI INC, TARSIN MOBILE INC., through their Chief Executive Officer JOSESPH R CELLURA, and JOSEPH R. CELLURA, individually, (hereinafter and collectively "DEFENDANTS") brought action in the United States District Court for the Southern District of New York against ALLEN D. MOYER, and ADMI INCORPORATED (hereinafter and collectively "PLAINTIFFS") for; 1) Intentional Interference with Prospective Business Advantage, 2) Defamation Per Se, and 3) Intentional Infliction of Emotional Distress. A true copy of the operative complaint is attached hereto as Exhibit "1," (hereinafter the "New York complaint."). Attempts were made to serve the PLAINTFFS (Defendants in the New York Lawsuit). See Exhibit "2."

On December 13, 2022, the U.S. District Court for the Southern District of New York granted the parties request for a stay. See Dkt. 24 of CASE #: 1:22-cv-09339-ALC. PLAINTIFFS had agreed to stay the proceedings and if mediation failed, PLAINTIFFS agreed to file their responsive pleading in Federal Court for the Southern District of New York. Exhibit "3." Despite the agreement to mediate the claims, an agreement was not reached.

On June 20, 2023, the PLAINTIFFS filed action before this Court. See Dkt. 1. On July 28, 2023, the Southern District of New York lifted the stay. See Exhibit "4." On July 31, 2023, the DEFENDANTS filed a motion to enjoin the PLAINTIFFS from pursuing their subsequently filed action before this Court. See Exhibit "5." A response to the motion was not filed. The U.S. District Court for the Southern District of New York issued an order to show cause why the motion should not be deemed unopposed and order the PLAINTIFFS to file a written response by August 31, 2023. See Dkt. 24 of CASE #: 1:22-cv-09339-ALC. On August 28, 2023, the PLAINITFFS filed a motion to dismiss for insufficient service of process and for lack of personal jurisdiction and response to the order to show case on jurisdiction grounds. See Exhibit "6."

On September 7, 2023, the U.S. District Court for the Southern District of New York granted leave to amend DEFENDANTS' complaint by September 11, 2023. See Exhibit "7." The U.S. District Court for the Southern District of New York also ordered the PLAINTIFFS to (a) file an answer or (b) submit a letter stating that PLAINTIFFS still intend to file a motion to dismiss, and whether it wishes to amend their motion to dismiss. *Id.* The U.S. District Court for the Southern District of New York would hold the motion to dismiss in abeyance. *Id.* On September 11, 2023, DEFENDANTS filed their first amended complaint. See Exhibit "8." DEFENDANTS rejected PLAINTIFFS' request to waive the service of summon under Federal Rule of Civil Procedure 4 based on the argument that the Federal District Court for Southern District of New York does not have jurisdiction over PLAINTIFFS. See Exhibit "9."

**THE CALIFORNIA LAWSUIT**

On June 20, 2023, PLAINTIFF ALLEN MOYER, and individual, and PLAINTIFF ADMI INCORPORATED brought action in the United States District Court for the Northern District of California for; 1) Violation of 15 U.S.C. § 1125, 2) Violation of California Business and Professions Code Section 17200, and 3) Common Law Tortious Interference with Business Relations and Opportunities. A true copy of the operative complaint is attached hereto as Exhibit "10."

PLAINTIFFS agreed to stipulate to an extension of time for DEFENDANTS to file their responsive pleading as undersigned counsel had to become familiar with the case. See Dkt. 11. Due to the pendency of the motion in the Federal District Court for Southern District of New York to enjoin PLAINTIFFS from pursuing the instant action before this Court, DEFENDNATS filed a motion for extension of time to file a responsive pleading. See Dkt. 15. This Court granted the motion and set a date of September 15, 2023, to file a responsive pleading. Dkt. 20. To this date, the Federal District Court for Southern District of New York has not ruled on the motion to enjoin and the motion to dismiss is pending.

**ARGUMENT**

The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties previously filed in another district court. The Supreme Court of

the United States first established the first-to-file rule in *Smith v. McIver* 22 U.S. 532 (1824). The Supreme Court of the United States has even extended the first-to-file rule in the state court/federal court context. *Rickey Land & Co. v. Miller & Lux* 218 U.S. 258 (1910). *Ricky Land & Co.* involved a riparian rights dispute regarding a river that ran through the state of Nevada and California. In that case, the Miller & Lux brought suit in Nevada federal court seeking an injunction. Subsequently, Rickey Land & Co. (through a corporation) brought action in California state court to quiet title to water rights. As a result, Miller & Lux appeared in California state court seeking an injunction to restrain the corporation from proceeding in that action on the ground that the Nevada federal court first acquired jurisdiction over the dispute. The California state court granted the relief. The Supreme Court of the United States affirmed, holding "[T]he substantive issues in Nevada and California suits were so far the same that the court first seised should proceed to the determination without interference, on the principle now well settled as between the courts of the United States and of the states." *Id.* at 262-63 (citations omitted).

This Court has declared: "We emphasize that the 'first to file' rule normally serves the purpose of promoting efficiency well and should be disregarded lightly." *Church of Scientology v. U.S. Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1979). The first-to-file rule is applied when a complaint involving the same parties, and issues has already been filed in another district. *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622 625 (9th Cir. 1991). Thus, a court will analyze three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues. *See Id.*

### A. CHRONOLOY OF THE LAWSUITS

Here, the analysis unquestionably and heavily favors DEFENDANTS. Notably, DEFENDANTS filed the New York action on November 1, 2022, while PLAINTIFF filed the instant suit on June 30, 2023.

### B. SIMILARITY OF THE PARTIES

Likewise, the similarity of the parties equally and heavily favors DEFENDANTS. Indeed, the

New York action and the California action involve, and without variation, the same parties: ADMI INC, TARSIN MOBILE INC., JOSESPH R CELLURA, ALLEN D. MOYER, and ADMI INCORPORATED.

**C. SIMILARITY OF THE ISSUES**

As a starting point, the issues in both cases need not be identical, only substantially similar. *See e.g. Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.,* 665 F.3d 671, 677-78 (5th Cir. 2011). To determine whether two suits involve similar issues, this Court looks at whether there is "substantial overlap" between the two suits. *See Harris Cnty.,* 177 F.3d at 319.

Under the facts of the case, the issues substantially overlap and a cursory review of the allegations in the parties' respective complains make it abundantly clear. Indeed, the causes of action in PLAINTIFFS' complaint are essentially nothing more than compulsory counterclaims to the action pending ion New York. Indeed, a compulsory counterclaim in federal court refers to a legal concept where a defendant in a civil lawsuit asserts a counterclaim against the plaintiff that arises from the same transaction or occurrence as the plaintiff's claim. This means that the counterclaim is directly related to the plaintiff's claim and cannot be pursued in a separate lawsuit. Federal Rules of Civil Procedure (FRCP) Rule 13 governs compulsory counterclaims and aims to promote judicial efficiency by resolving related disputes in a single litigation, which supports well-settled precedent of the first-to-file rule.

Upon the Federal Court for the Southern District of New York's ruling on PLAINTIFFS' motion to dismiss and to enjoin the PLAINTIFFS from pursuing the matter before this Court, the parties should be able to move this Court to lift the stay and file the responsive pleadings or move to dismiss with or without prejudice.

//
//
//
//
//

**CONCLUSION**

For the reasons above, this Court should stay the proceedings under the first-to-file rule.

Dated: September 15, 2023

<u>/s/ Jose Z. Marin</u>
Jose Z. Marin, Esq. [SBN 291457]
Attorney for Defendants
Jose Marin Law, Inc.
44 Page Street, Suite 600
San Francisco, CA 94102
Telephone: (415) 753-3538
E-Mail: jose@josemarinlaw.com
