*Law Office of*
*Douglas R. Dollinger, P.C.*
*& Associates, Counselors at Law*
*Admitted to Both*
*State and Federal Practice*

EXHIBIT 7

*Telephone*
845.741.9363

*Affiliated Offices*
San Diego California
New York City New York

570 County Route 49
Middletown, New York 10940
ddollingeresq@gmail.com

September 7, 2023

United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
E-mail: ALCarterNYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: Tarsin et al vs. Moyer et al  No: 22-9339

Your Honor:

On July 23, 2023, the Court issued an Order to Show Cause ("OSC") related to Plaintiffs' Motion to Enjoin Defendants for an Action they commenced in California on June 20, 2023, and the Defendants' failure to respond to the motion. (Dkt-27-2; 28-29 & 30.) The California Action commenced after the Plaintiffs' Action was filed on November 2, 2022. (Dkt-5.) Presumably, to forum shop, Defendants brought action in California in violation of the terms of a written Agreement among the parties and a joint request to Stay the proceedings granted by the Court. (Dkt-23-24)

Defense Counsel has responded to the Court's OSC and was granted a pro hac vice admission a "Special Appearance" limited to moving to dismiss the Action for lack of personal jurisdiction. Presently before the Court is the Defendants' Motion to Dismiss pursuant to Rules 12(b)(2) & (6).(Dkt-38 refiled @ 41 for deficient filing.)  The Motion was filed on July 28, 2023. Almost simultaneously with the Defendants' Motion filing, Plaintiffs filed their Amended Complaint as of right. (Dkt-39-40)  The filing was deficient for technical problems related to an ECF conflict in accepting the parties as named in the Amended Complaint. The matter has been addressed through communications the Clerk's office.

Under the Court's Individual Rules concerning a Motion to Dismiss, ordinarily the Court would have conducted a pre-motion conference to discuss a motion to dismiss. The non-moving party would advise the Court and its adversary whether it intends to file an amended pleading based on the pre-motion conference letter, and if so, when it will do so.  In this case, the sequence of events changed the posture of the case related to the Court's individual rules as the motion was filed before a response could be filed to the right to appear and the Plaintiffs right to file their Amended Complaint.

Plaintiffs' filing exists as a matter of right and was lost to the Defendants' violation of the Agreement to proceed on notice, a term the Court was made aware as part of the parties' Agreement to proceed with the filing of their Amended Complaint. (Dkt-23.)

Re:   Tarsin et al  vs. Moyer et al  No: 22-9339
Date:  September 7, 2023
Page:  -2-

While Counsel obviously received notice of the Amended Complaint, although deficient in its filing, based on the Court's individual rules of practice that if the party amends, the opposing party may then: (a) file an answer or (b) submit a letter stating that it still intends to file a motion to dismiss it is only proper to proceed with a written response from Defense Counsel.

My position is that Plaintiffs must be allowed, as a matter of right, to file and that the pending motion to dismiss should not be heard unless it includes the right to have the Court Consider the Amended Complaint on the issue of personal jurisdiction. Again, the problem has arisen by Defendants failure to abide by the Agreement before the Court.

For the most part the Plaintiffs' Response sufficiently covers the issues raised by defense counsels' motion. However, the circumstances are unique to the Court's individual rules and the failure to abide by the Agreement has already been highly prejudicial to Plaintiffs. Counsel believes a formal response to the prefiling issues should be settled before the Court considers the Defendants' motion and any response.

Obviously, Defendants can in their reply address the Amended Complaint. Out of respect for the Court and any possible prejudice to either party, Counsel believes a response from Defense Counsel is necessary with the Court issuing an order allowing Plaintiffs' to file their Amended Complaint and that Defendants should be on notice of their opportunity to answer, withdraw their Motion or otherwise reply.

Counsels' time to respond to the pending motion is due Monday September 11, 2023, and will be filed timely. The filing of the Amended Complaint will occur simultaneously.

Respectfully,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.
DRD/mg
Filed ECF

Plaintiffs are granted leave to refile their Amended Complaint by September 11, 2023. Defendants may then (a) file an answer or (b) submit a letter stating that Defendants still intend to file a motion to dismiss, and whether it wishes to amend their motion to dismiss. The Court will hold the pending motion to dismiss, ECF No. 41, in abeyance.

SO ORDERED:
*Andrew L. Carter*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2023
       New York, NY