UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN MOYER, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JOSEPH R. CELLURA, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03004-SVK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE**<br><br>Re: Dkt. No. 23 |

On June 20, 2023, Plaintiffs Allen Moyer ("Moyer") and ADMI Incorporated ("Plaintiff-ADMI") filed the complaint in this action (the "California Action"), which alleges that Defendants Joseph R. Cellura ("Cellura"), ADMI Inc. ("Defendant-ADMI"), and Tarsin Mobile Inc. ("Tarsin") have unfairly competed with Plaintiffs by falsely representing that Defendants purchased and/or were connected with Plaintiffs' business operations and by "impersonating" and "imitat[ing]" Plaintiff-ADMI in a variety of ways. Dkt. 1. Now before the Court is Defendants' motion to stay this California Action under the first-to-file rule in light of a lawsuit between the Parties pending in the United States District Court for the Southern District of New York, *ADMI Inc. et al. v. Moyer et al.,* S.D.N.Y. Case No. 1:22-cv-09339-ALC (the "SDNY Action"). Dkt. 23. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 21. This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). After reviewing the Parties' submissions, the relevant case law, and the case file, the Court **GRANTS** Defendants' motion to stay for the reasons discussed below.

**I.　FACTUAL BACKGROUND**

　　**A.　The Parties**

According to the complaint in this case, Plaintiff-ADMI is incorporated in the State of California and has its principal place of business in Santa Clara County, which is located in this

District. Dkt. 1 ¶ 2. Plaintiff Moyer is the sole owner and shareholder of Plaintiff-ADMI. *Id.* ¶ 1. Defendant-ADMI is incorporated in Nevada and has its principal place of business in New York. *Id.* ¶ 4. Defendant Tarsin is incorporated in Florida and has its principal place of business in Nevada. *Id.* ¶ 5. Defendant Cellura is a Nevada resident who is a director and officer of Defendant-ADMI and Tarsin. *Id.* ¶ 3.

### B. The California Action

In their complaint in this California Action, Plaintiffs describe their business as "program, project, and design management, often in the entertainment and hospitality industries." Dkt. 1 ¶ 11. For a year and a half starting in or around 2016, Defendants, who were seeking to enter this area of business, discussed the possibility of Defendants purchasing Plaintiff-ADMI, leading to an exchange of unsigned letters of intent. *Id.* ¶¶ 12-14. Plaintiffs allege that during these discussions, they instructed Defendants on aspects of how to operate the business. *Id.* ¶ 13. Ultimately, Defendants did not purchase Plaintiff-ADMI. *Id.* ¶¶ 14-15.

According to Plaintiffs, while the Parties were still in discussions, Defendants started to represent to investors and prospective clients that they had already purchased Plaintiff-ADMI. *Id.* ¶ 14. Defendants then created Defendant-ADMI, which "started operating in concert with Tarsin." *Id.* ¶ 15. Plaintiffs allege that Defendants unfairly competed with Plaintiffs by representing that they purchased Plaintiffs and/or were part of Plaintiffs' business operations and by "impersonating" and "imitat[ing]" Plaintiff-ADMI in a variety of ways. *Id.* ¶¶ 15-22. Plaintiffs allege that Defendants' "impersonation" of Plaintiffs was intentionally misleading and caused confusion in the industry. *Id.*

On June 20, 2023, Plaintiffs filed the complaint in this case, which contains causes of action for: (1) Violation of 15 U.S.C. § 1125; (2) Violation of California Business and Professions Code § 17200, and (3) Common Law Tortious Interference with Business Relations and Opportunities. Dkt. 1.

### C. The SDNY Action

On or about October 31, 2022—more than seven months before Plaintiffs filed this

California Action—Defendants filed the SDNY Action.[1]  Dkt. 26-1 ¶ 4; Dkt. 26-4.  The original complaint in the SDNY Action alleged that during the Parties' discussions that began in 2016, Moyer agreed to be an outside consultant for Defendant-ADMI but that Moyer then made false claims that customers of Defendant-ADMI and Tarsin were required to use the services of Moyer and Plaintiff-ADMI.  Dkt. 26-4 ¶¶ 11, 15-21.  The original complaint contained causes of action for:  (1) Intentional Interference with Prospective Business Advantage; (2) Defamation Per Se; (3) Intentional Infliction of Emotional Distress; and (4) Injunctive Relief.  *Id*.

On December 13, 2022, the court in the SDNY Action stayed the case at the Parties' request.  Dkt. 26-7.  On July 27, 2023, Defendants informed the court in the SDNY Action that they wanted to lift the stay.  SDNY Action Dkt. 25.  On July 31, 2023, Defendants filed a motion to enjoin Plaintiffs from pursuing this California Action.  SDNY Action Dkt. 27.

Defendants filed an amended complaint in the SDNY Action on August 28, 2023 that contains additional allegations and causes of action against Plaintiffs.  Dkt. 26-1 ¶ 5; Dkt. 26-5.

On August 28, 2023, Plaintiffs filed a motion to dismiss the SDNY Action for insufficient service of process and for lack of personal jurisdiction and a response to the OSC.  SDNY Action Dkt. 41.

When Defendants filed the present motion to stay on September 15, 2023, they indicated that the court in the SDNY Action had not yet ruled on Defendants' motion to enjoin this case or Plaintiffs' motion to dismiss the SDNY Action.  Dkt. 23 at 4.  From the Court's review of the docket in the SDNY Action on PACER, it appears that those motions remain pending in the SDNY Action.

## II.     LEGAL STANDARD

Under the first-to-file rule, a district court has discretion to dismiss, transfer, or stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court.  *Kohn Law Group, Inc. v Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th

---

[1] Plaintiffs in this case are Defendants in the SDNY Action and vice versa.  This Order refers to the Parties according to their posture in this California Action.

Cir. 1991). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Group*, 787 F.3d at 1239 (internal quotation marks and citations omitted). When evaluating the first-to-file rule, "courts should be driven to maximize economy, constituency, and comity" and may apply the rule "when a complaint involving the same parties and issues has already been filed in another district." *Id.* at 1239-40 (internal quotation marks and citation omitted). "Thus, in applying the first-to-file rule, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240 (citation omitted).

### III. EVIDENTIARY ISSUES

Defendants attached a number of exhibits to the motion to stay without an authenticating declaration, in violation of Civil Local Rule 7-5(a), which provides:

> Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

Accordingly, the Court **STRIKES** Exhibits 1 to 10 to the motion to stay (Dkt. 23-1 to 23-10). Any evidence outside the record in this case that the Court has considered is either authenticated by declaration filed with Plaintiffs' opposition to the motion to stay (Dkt. 26-1 and exhibits thereto) or was located by reviewing the docket in the SDNY Action.[2]

As a result of this ruling, the Court **STRIKES AS MOOT** Plaintiffs' Objections to Defendants' Exhibits in Support of Motion to Stay at Dkt. 26-9, which contains objections to Defendants' Exhibits 1-10 on hearsay and lack of authentication grounds. However, the Court notes that by filing these objections as a separate document, Plaintiffs also violated the Civil Local Rules, namely Civil Local Rule 7-3(a), which requires that "[a]ny evidentiary and procedural

---

[2] A court may take judicial notice of facts not subject to reasonable dispute, including facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(b)(2). Under appropriate circumstances, facts concerning other court proceedings are subject to judicial notice. *See Fowler Packing Co., Inc. v. Lanier,* 844 F.3d 809, 813, n.2 (9th Cir. 2016). A court may take judicial notice *sua sponte*. Fed. R. Ev. 201(c)(1).

objections to the motion must be contained within the brief or memorandum" filed in opposition to a motion.

The Court instructs all Parties to familiarize themselves and comply with this District's Civil Local Rules and the undersigned's Standing Orders in connection with all future filings in this case.

**IV.    DISCUSSION**

Defendants move to stay this case pursuant to the first-to-file rule on the grounds that the SDNY Action was filed before this California Action and involves substantially similar parties and issues.  Dkt. 23 at 4-6.  The Court finds that all three relevant factors weigh in favor of a stay.  First, Defendants filed the SDNY Action more than seven months before Plaintiffs filed this California Action.  Second, the parties in each of the two actions are identical.  Third, the issues in the two actions are substantially similar.  The first-to-file rule does not require exact identity of parties or issues.  *Kohn Law Group,* 787 F.3d at 1240.  The issues in each case need only be "substantially similar," tested by whether there is "substantial overlap" between the two suits.  *Id*. at 1240-41.  Both the SDNY Action and this California Action involve the Parties' dispute over their respective rights to operate competing businesses.  Dkt. 1; Dkt. 26-4; Dkt. 26-5.  Accordingly, the SDNY Action is the first-filed action and involves substantially similar parties and issues as this action.

None of Plaintiffs' arguments in opposition to the motion to stay persuade the Court to exercise its discretion to deny a stay.  Plaintiffs attack Defendants' reliance on the first-to-file rule by asserting that the amended complaint in the SDNY Action, which was filed after the Complaint in this California Action, superseded the original complaint in that case.  Dkt. 26 at 6.  Plaintiffs argue that because the amended complaint doubled the number of causes of action from four to eight and was 37 pages long rather than the 15 pages of the original complaint, the amended complaint "significantly diverges from the initial complaint" and thus "the 'first-to-file' rule no longer favors Defendants."  *Id*.  Plaintiffs do not cite legal authority for their assertion that "[d]ue to the amended complaint [in the SDNY Action] being submitted after the initial lawsuit [in this California Action], which was filed on 6/20/2023, Defendants' complaint [in the SDNY Action]

can no longer be regarded as the first one filed in time." *Id.* In fact, relevant authority is to the contrary. *Ward v. Follett*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("In determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint"); *see also Greenline Indus., Inc. v. Agri-Process Innovations, Inc.*, No. C 08-2438 CW, 2008 WL 2951743, at *4 (N.D. Cal. July 28, 2008) (rejecting argument that original complaint was irrelevant to first-to-file analysis because it was never served); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982) (it is "the filing of actions in coordinate jurisdictions that invokes considerations of comity").

Next, Plaintiffs argue that the first-to-file rule does not apply because the SDNY Action "is clearly not based on the same facts as the instant lawsuit." Dkt. 26 at 5. Plaintiffs offer no analysis in support of this bald assertion, other than inviting the Court to infer that Defendants would not have raised in the SDNY Action issues Plaintiffs have raised in this case concerning the alleged "impersonation of Plaintiffs" by Defendants. *Id.* As explained above, however, the issues in the two cases do not need to be identical to support application of the first-to-file rule. *Kohn Law Group*, 787 F.3d at 1240. The Complaint in this Action and both the original and amended complaints in the SDNY Action all arise from the Parties' interactions with each other in the same time frame and concern their respective rights to operate similar types of businesses. As just one example, Defendants' complaints in the SDNY Action allege that Plaintiff Moyer interfered with Defendants' business relationships by falsely telling others that Defendants were using Moyer's prior projects and other information without permission. *See, e.g.,* Dkt. 26-4 (original SDNY complaint) ¶ 49; *see also* Dkt. 26-5 (amended SDNY complaint) ¶ 100. Meanwhile, Plaintiffs' complaint in this California Action alleges that "Defendants impersonated [Moyer] by boasting of achievements that were actually accomplished by the Plaintiffs," thereby deceiving and misleading others with prior or prospective business relationships with Plaintiffs. Dkt. 1 ¶¶ 18-20. Although differences between the issues in the SDNY and California Actions may exist, they do not overcome the "ultimate similarity" between the two actions. *See Ward*, 158 F.R.D. at 649.

Plaintiffs also argue that "a court may opt not to enforce [the first-to-file rule] if there is compelling evidence that the sole motivation behind forum selection was forum shopping."

1  Dkt. 26 at 3 (citing Rutter Group, *Federal Civil Practice Before Trial* ¶ 2:4600 (2021)); *see also*
2  *id.* at 3-4.  Relatedly, Plaintiffs argue that the court has authority to depart from the first-to-file
3  rule where a party who is aware of an impending lawsuit initiates an action in a different forum
4  regarding the same issue beforehand.  Dkt. 26 at 6.  Plaintiffs offer no evidence in support of these
5  accusations.  Instead, they are based on attorney argument as well as speculation on issues such as
6  whether an attorney for Defendants in the SDNY Action is willing or able to appear in this
7  District.  *See id.* at 4.  These unsupported arguments do not warrant departure from the first-to-file
8  rule.

9        Plaintiffs also argue that the Court should not stay this action in favor of the SDNY Action
10  because there is no personal jurisdiction over Plaintiffs in that court and venue in SDNY is
11  improper.  Dkt. 26 at 4-5, 7-8.  However, Plaintiffs' pending motion to dismiss in the SDNY
12  Action raises issues concerning personal jurisdiction and service.  *See* SDNY Action Dkt. 41.
13  Questions about whether the court in the first-filed case has jurisdiction weigh against dismissing
14  a case under the first-to-file rule.  *Vimo, Inc. v. Norvax Corp.,* No. C-07-01897 RMW, 2007 WL
15  9812883, at *3 (N.D. Cal. June 22, 2007) ("Where the first-to-file rule applies, dismissal is proper
16  in most cases, except where a motion for dismissal or transfer is pending in the court of first
17  filing").  However, Defendants do not seek dismissal of this case and instead seek a stay, which is
18  appropriate despite the challenges Plaintiffs have raised in the SDNY Action.  *See Molander v.*
19  *Google LLC,* 473 F. Supp. 3d 1013, 1020 (N.D. Cal. 2020) ("If there are concerns regarding the
20  availability of remedies in the court of first filing, or regarding its jurisdiction over claims which
21  might implicate a statute of limitations if dismissed by that court, or if that court is preparing to
22  transfer its matter to the court of second filing, then the court of second filing should consider a
23  stay").

24        The Court also rejects Plaintiffs various equitable arguments as to why this case should not
25  be stayed because, as with other arguments discussed above, Plaintiffs' accusations of bad faith
26  and other improprieties are based on speculation and attorney argument rather than evidence.

27        Finally, Plaintiffs argue that the motion to stay should be denied under the "law of the case
28  doctrine" because the Court "impliedly ruled against the stay" when it ordered Defendants to

United States District Court
Northern District of California

respond to the Complaint. Dkt. 26 at 4 (citing Dkt. 16). This argument appears to refer to an earlier motion by Defendants in this case, which was styled a "motion to enlarge time to file a responsive pleading to Plaintiffs' complaint." Dkt. 15 ("motion for extension"). According to that motion, Defendants' newly-retained counsel for this litigation had learned in the course of negotiating with Plaintiffs for an extension of the deadline for filing a responsive pleading in this case that Defendants had moved in the SDNY Action to enjoin Plaintiffs' prosecution of this Action pursuant to the first-to-file rule. Dkt. 15-1 at 2. Defendants' motion for extension in this case cited Federal Rule of Civil Procedure 12 (regarding the deadline for filing and answer) and Rule 6(b) (regarding extensions of time). *Id.* at 3. The motion for extension also stated in the conclusion that "this Court should stay the proceedings under the first-to-file rule." *Id.* at 4. Because the motion for extension was unclear as to what relief Defendants were seeking, the Court issued an order clarifying that it would treat the motion for extension as a motion to change time pursuant to Civil Local Rule 6-3. Dkt. 16. After reviewing Plaintiffs' opposition to the motion for extension (Dkt. 19), the Court granted Defendants a 30-day extension, until September 15, 2023, to respond to the Complaint in this case. Dkt. 20. Based on these facts, there is no basis for Plaintiffs' argument on the present motion to stay that "[t]he Court already impliedly ruled against the stay." Dkt. 26 at 4.[3]

Accordingly, the Court concludes that the requirements for application of the first-to-file rule are satisfied, and the Court does not find circumstances sufficient to justify an exception to that rule. Therefore, the Court will stay this action pending a decision by the Court in the SDNY Action on the motions now pending there.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion to stay this action. The Parties must file a joint status report by the earlier of (1) **14 days** after a ruling by the

---

[3] In their opposition to the motion to stay, Plaintiffs comment, without elaborating, that "Defendants did not comply with the Court order, because they simply resubmitted their prior request to stay, rather than submitting a response permitted by Fed. R. Civ. P. 12." Dkt. 26 at 4. Any argument that Defendants have not responded to the complaint in this case is not properly before the Court at this time.

8

1   court in the SDNY Action on the pending motion to enjoin and/or motion to stay, or

2   (2) **December 18, 2023.**

3       **SO ORDERED.**

4   Dated: October 19, 2023

                                                        *[signature]*

SUSAN VAN KEULEN
United States Magistrate Judge