UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN MOYER, et al., | Case No. 23-cv-03004-SVK |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| JOSEPH R. CELLURA, et al., | |
| Defendants. | Re: Dkt. No. 64 |

## I.    INTRODUCTION AND BACKGROUND

Plaintiffs Allen Moyer and ADMI Incorporated filed the complaint in this case on June 20, 2023.  Dkt. 1.  The complaint names three Defendants:  Joseph R. Cellura, ADMI Inc., and Tarsin Mobile, Inc.  *Id.*  Plaintiffs allege that Defendants unfairly competed with Plaintiffs by falsely representing that Defendants purchased and/or were connected with Plaintiffs' business operations and by "impersonating" and "imitat[ing]" Plaintiff ADMI in a variety of ways.  *Id.*  On July 1, 2025, Defendants filed a notice that Defendant Joseph R. Cellura had passed away on June 21, 2025.  Dkt. 53.

Now before the Court is Plaintiffs' motion for leave to file a First Amended Complaint ("FAC") to substitute Mr. Michael Ghiselli in Mr. Cellura's place as a party defendant.  Dkt. 64.  All current Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 7, 21.  This matter is suitable for determination without a hearing.  Civ. L.R. 7-1(b).  For the reasons that follow, the Court **DENIES** Plaintiffs' request to substitute Michael Ghiselli for the deceased Defendant, Joseph R. Cellura but **GRANTS** Plaintiffs leave to file a FAC that adds Mr. Ghiselli as a new Defendant.  The Court does not decide on the present motion the legal adequacy of the claims against Mr. Ghiselli in the proposed FAC, including whether the claims against Mr. Ghiselli relate back to the filing of the original complaint.  Mr. Ghiselli may raise those arguments, if warranted, following the filing of the FAC.

## II.    LEGAL STANDARD

### A.    Rule 15

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course under circumstances not present in this case.  Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave when justice so requires."

Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1).

### B.    Rule 25

Rule 25 addresses the death of a party:  "If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).

"In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished; and (3) the person

1    being substituted is a proper party." *Oatridge v. Future Motion, Inc.*, No. 5:21-cv-09906-BLF,

2    2025 WL 41935, at *1 (N.D. Cal. Jan. 6, 2025) (internal quotation marks and citations omitted).

3    "If Rule 25(a)(1) is met, '[t]he substituted party steps into the same position as [the] original

4    party.' " *Id.* (internal quotation marks and citations omitted).

5    **III.     DISCUSSION**

6          **A.     Party substitution**

7          The record before the Court on several of the relevant considerations under Rule 25(a) is in

8    dispute or inconclusive.  On the issue of whether Plaintiffs' motion to substitute Mr. Ghiselli in

9    the place of Mr. Cellura is timely, Defendants argue that the motion is untimely because it was

10   filed on October 13, 2025, which was more than 90 days after service of the notice of death on

11   July 1, 2025, the deadline under Rule 25(a).  Dkt. 70 at PDF p. 4.  However, Defendants fail to

12   acknowledge that they stipulated to an October 14, 2025 deadline for the motion and the Court

13   granted that stipulation.  *See* Dkt. 63.  Neither side addresses whether the 90-day deadline under

14   Rule 25(a) may be extended by agreement of the Parties.

15         Similarly, the Parties do not address the issue of whether the claims pled were extinguished

16   upon Mr. Cellura's death, which is another factor the Court must consider under Rule 25(a).

17         The Court need not reach a conclusion on these issues, however, because Plaintiffs have

18   failed to demonstrate that Mr. Ghiselli is a proper party to be substituted for Mr. Cellura.

19   Rule 25(a)(1) allows substitution of a "proper party."  Rule 25 "defines the 'proper party' for

20   substitution as either 'the decedent's successor or representative.'"  *Oatridge,* 2025 WL 41935, at

21   *2 (citation omitted).

22         The Court must look to California law to determine a "proper party" for purposes of

23   Rule 25(a)(1).  *Id.*  California law defines "personal representative" as an "executor, administrator,

24   ... successor personal representative ... or a person who performs substantially the same function

25   under the law of another jurisdiction governing the person's status."  Cal. Prob. Code § 58(a).

26   California law defines "decedent's successor in interest" as "the beneficiary of the decedent's

27   estate or other successor in interest who succeeds to a cause of action or to a particular item of the

28   property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiffs do not offer any explanation or evidence of a legal relationship between

2  Mr. Cellura and Mr. Ghiselli that that would render Mr. Ghiselli a proper party under Rule 25.

3  Instead, they argue that Mr. Ghiselli "worked hand-in-hand with Cellura making representations in

4  speech and writing that created confusion in the marketplace over a supposed affiliations with

5  Plaintiffs."  Dkt. 64-1 at PDF pp. 2-3; *see also* Dkt. 64-2 (Moyer Decl.).  Plaintiffs state that

6  Mr. Ghiselli should be substituted for Mr. Cellura because "[h]e was Mr. Cellura's right-hand

7  man, alter ego and co-conspirator."  *Id.* at PDF p. 4.

8    Because Plaintiffs have not demonstrated that Mr. Ghiselli is Mr. Cellura's successor or

9  personal representative under the applicable legal standards, their request to substitute Mr. Ghiselli

10  in place of Mr. Cellura is **DENIED**.

11    **B.    Leave to amend**

12    Although the Court concludes that Mr. Ghiselli should not be substituted for Mr. Cellura,

13  the Court also considers whether Plaintiffs should be given leave to amend the complaint to add

14  Mr. Ghiselli as a new party.  Rule 15(a)(2) states that "[t]he court should freely give leave when

15  justice so requires."  "Courts may decline to grant leave to amend only if there is strong evidence

16  of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

17  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

18  of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired*

19  *Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371

20  U.S. 178, 182 (1962)).

21    Defendants argue that leave to amend is not appropriate and would be prejudicial because

22  Plaintiffs have long been aware of Mr. Ghiselli's alleged involvement in the matters at issue in this

23  case.  Dkt. 67 at PDF pp. 4-5.  Defendants also argue that amendment would be futile because

24  claims against Mr. Ghiselli "do not relate back to June 2023," when this action was filed, and are

25  "time-barred in part." *Id.* at PDF pp. 5-6.

26    However, in light of the directive in Rule 15(a)(2) that leave to amend be "freely given,"

27  the Court will grant Plaintiffs leave to amend the complaint to add Mr. Ghiselli as a new

28  defendant.  Although this case has been pending for more than two years, it was stayed for more

than 19 months in light of proceedings between many of the same parties in the Southern District of New York. *See* Dkt. 30, 51. The Parties have not yet exchanged initial disclosures in this case, and fact discovery does not close until August 2026. *See* Dkt. 61, 73. Accordingly, any prejudice from Plaintiffs' delay in adding Mr. Ghiselli as a party is minimal. In arguing that amendment would be futile, Defendants argue that Plaintiffs knew or should have known of Mr. Ghiselli's alleged involvement long before they filed the present motion to amend and that therefore the claims against Mr. Ghiselli do not relate back to the filing of the original complaint and are time-barred in part. *See* Dkt. 70 at PDF pp. 4-5. However, "[t]he question under Rule 15(c)(1)(C)(ii)," which concerns relation back, "is not whether [Plaintiffs] knew or should have known the identity of … the proper defendant, but whether [that defendant] knew or should have known it would have been named as a defendant but for the error." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010). This determination cannot be made on the record currently before the Court.

The Court therefore **GRANTS** Plaintiffs' motion to add Mr. Ghiselli as a new defendant. By granting Plaintiffs leave to amend, the Court does not at this time decide whether those amendments relate back to the date of the original complaint in this case and does not foreclose Mr. Ghiselli from making such arguments at an appropriate later juncture in this case. The Court's order also does not foreclose Mr. Ghiselli from bringing a motion to dismiss in response to the filing of a First Amended Complaint. *See generally* Dkt. 70 at PDF p. 5 (Defendants' argument that the proposed FAC is deficient under Rule 8).

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' request to substitute Michael Ghiselli for the deceased Defendant, Joseph R. Cellura but **GRANTS** Plaintiffs leave to file a First Amended Complaint ("FAC")that adds Mr. Ghiselli as a new Defendant by **January 9, 2026**.[1]

////

////

---

[1] Once Mr. Ghiselli makes an appearance in this action, the Court will issue a Consent/Declination Notice regarding magistrate judge jurisdiction.

United States District Court
Northern District of California

Plaintiffs shall include as an exhibit to the FAC a redline showing changes between the original complaint and the FAC.

**SO ORDERED.**

Dated: December 22, 2025

SUSAN VAN KEULEN
United States Magistrate Judge